# EXHIBIT A

Case 2:20-cv-10608-AB-JC Document 1-1 Filed 11/20/20 Page 2 of 9 Page ID #:6

20TRCV00717

Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

Electronically FILED by Superior Court of California, County of Los Angeles on 10/07/2020 10:29 AM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| **Orlando Garcia,**<br><br>Plaintiff,<br><br>v.<br><br>**HPT TRS IHG-2, Inc.**, a Maryland Corporation; and Does 1-10,<br><br>Defendants, | **Case No.** 20TRCV00717<br><br>**Complaint For Damages And Injunctive Relief For Violations Of**: Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orlando Garcia complains of HPT TRS IHG-2, Inc., and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from cerebral palsy. He has the use of only one arm. He uses a wheelchair, walker, or cane for mobility.

2. Defendant HPT TRS IHG-2, Inc., owns and operates the Crowne Plaza Los Angeles Hotel located at 5985 W. Century Blvd., Los Angeles, California,

1

Complaint

currently and at all times relevant to this complaint.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

4. This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of Los Angeles, and Defendant's offending Website is available throughout California.

5. Venue it proper in this Court because Defendant conducts business in this County.

6. Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**PRELIMINARY STATEMENT**

7. This is a lawsuit challenging the reservation policies and practices of a place of lodging. Plaintiff does not know if any physical or architectural barriers exist at the hotel and, therefore, is not claiming that that the hotel has violated any construction-related accessibility standard. Instead, this is about

Complaint

the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

8. After decades of research and findings, Congress found that there was a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

9. As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

10. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain

3

Complaint

whether those places work for them.

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in October of 2020 to the Los Angeles, California, area.

13. He chose the Crowne Plaza Los Angeles Hotel located at 5985 W. Century Blvd., Los Angeles, California, because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. Plaintiff went to the Crowne Plaza Los Angeles Hotel website at //www.ihg.com/crowneplaza/hotels/us/en/los-angeles/laxap/ on September 23, 2020.

16. Plaintiff found that there was little information about the accessibility of the rooms. For example, under the Accessible features tab, the Website states in a vague and conclusory fashion that the entrance, registration desk, public toilets, and restaurant are "accessible". Likewise, the Website went on to state that they have "Wheelchair Accessible Rooms", "ADA Compliant Guest Rooms and Access Routes", "Grab bars and tall toilets are available", "Roll-in showers", and "Handrails". Under the tab for the "King Mobil Accessible Roll In Shwr" room, the Website simply states that the room is "ADA Accessible" with a "Roll in Shower".

17. These vague and conclusory statements do not contain enough information to assess if the room and hotel are accessible. For example, there

4

Complaint

1  is no mention if the bedroom has compliant clear floor space, or if the toilet
2  and sink are accessible, or if the table/desk is accessible.

3  18. The defendant's reservation system failed to identify and describe the
4  accessible features in the guestroom chosen by the plaintiff in enough detail to
5  reasonably permit him to assess independently whether the particular
6  guestroom met his accessibility needs.

7  19. This lack of information created difficulty for the plaintiff and the idea
8  of trying to book this room -- essentially ignorant about its accessibility --
9  caused discomfort for the Plaintiff.

10  20. Plaintiff would like to patronize this hotel but is deterred from doing so
11  because of the lack of detailed information through the hotel's reservation
12  system. Plaintiff not only travels frequently but is always on the lookout for
13  businesses that violate the law and discriminate against him and other persons
14  with disabilities, intending to have them comply with the law and pay statutory
15  penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. §

12182(B)(2)(A)(ii).

23. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

   a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

   b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

   c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

See 28 C.F.R. § 36.302(e).

24. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

**RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

26. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

27. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.

28. Because the violation of the Unruh Civil Rights Act resulted in difficulty and discomfort for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: October 6, 2020              CENTER FOR DISABILTY ACCESS

By:_____
Russell Handy, Esq.
Attorneys for Plaintiff